Case No.  CV 16-9671-JFW (KS)                                              Date: April 25, 2017

Title    *Cesar Villegas v. Rosemary Ndoh*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

Roxanne Horan-Walker                                                N/A
Deputy Clerk                                                Court Reporter / Recorder

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW OF CAUSE RE: DISMISSAL OF GROUNDS IV AND VI**

## INTRODUCTION

On May 19, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (*See* Dkt. No. 1; Dkt No. 5 at CM/ECF Page ID 24-58.)  On the same date, Petitioner filed a Supplemental Brief, along with an Exhibit List and Attachment in support of his request to file second or successive petition.  (Dkt. Nos. 3, 4, 5.)  On April 17, 2017, the United States Court of Appeals for the Ninth Circuit issued an order authorizing Petitioner to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court with respect to claims IV, V, and IV in the Petition, finding these claims "are new claims that were not previously raised in [Petitioner's prior] application[.]" (Dkt. No. 2.)  The Ninth Circuit's order expressed "no opinion as to the merits of the [Petitioner's] claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 are satisfied."  (*Id.*)  The circuit court ordered the Petition transferred to this district court and deemed the Petition filed in the district court on May 19, 2016.  (*Id.* at 2.)

Petitioner challenges his January 7, 2005 conviction for forcible rape (California Penal Code ("Penal Code") § 261(a)(2))[1]; two counts of forcible oral copulation (Penal Code § 288a(c); and kidnapping to commit rape (Penal Code § 209(b)(1)).  The jury also found true the allegation that in the commission of kidnapping, the movement substantially increased the risk of harm to the victim (Penal Code § 667.61(a), (d)).  (Petition at 3.)  On February 14, 2005, the trial

---

[1] Unless otherwise indicated, all penal code references are to the California Penal Code.

court sentenced Petitioner to 31 years to life. (*Id*. at 4.) Petitioner appealed. On September 21, 2006, the California Court of Appeal affirmed his conviction in an unpublished, reasoned decision. *People v. Villegas*, No. B181548, 2006 Cal. App. Unpub. LEXIS 8303 (2006). Petitioner then filed a Petition for Review in the California Supreme Court, which issued a summary denial on January 3, 2007. *See* Docket (Register of Actions), *People v. Villegas*, No. S147608 (Jan. 3, 2007), *available at* http://appellatecases.courtinfo.ca.gov;[2] (*see also Villegas v. Yates*, No. 2:08-cv-02073-JFW-VBK, Dkt. No. 46, Report and Recommendation ("R&R"), at 3 (C.D. Cal. Oct. 30, 2009)).

In March 2008, Petitioner began seeking habeas relief in both the state and federal courts. Petitioner filed his first petition for habeas relief in the Los Angeles County Superior Court on March 14, 2008. (R&R at 3.) That court denied relief on April 21, 2008. (*Id.*) Petitioner then sought habeas relief in the California Court of Appeal, which, on May 1, 2008, denied the petition without prejudice to Petitioner filing a new petition in the Los Angeles Superior court that included a declaration supporting his claims of ineffective assistance of counsel. (*Id.*) Petitioner filed a second habeas petition in Los Angeles Superior Court that was denied on July 17, 2008 (*Id.* at 4) and then a second habeas petition in the California Court of Appeal that summarily denied on August 7, 2008. (*Id.*) Finally, Petitioner filed a Petition for Review in the California Supreme Court that was summarily denied on October 16, 2008. (*Id.*)

On March 27, 2008, while his state habeas proceedings were ongoing, Petitioner filed his first petition for federal habeas relief in this Court. (*See* Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 at 2.) The district court dismissed that petition with prejudice on October 30, 2009. (*Id.*; *see* Attachment 1 to Application.)

### THE PETITION

The instant Petition presents seven grounds for relief, but the Ninth Circuit only authorized a second or successive petition on grounds IV, V, and IV. (*See* Petition at 13-33; and Dkt. No. 2.)

---

[2]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

In Ground IV, Petitioner asserts a violation of "state and federal constitutional rights" based on his being sentenced under Penal Code § 667.61(d)(2), which, he contends, allowed the jury to convict him without the prosecution meeting its burden to prove each element of the crimes against him beyond a reasonable doubt." (Petition at 27.)

In Ground V, Petitioner asserts a Fifth, Sixth and Fourteenth Amendment violation based on his conviction under Penal Code § 667.6(d)(2) because the statute, he contends, is unconstitutionally vague based on the Supreme Court's decision in *Johnson v. U.S.*, __ U.S. __, 135 S. Ct. 2251 (2015).  (Petition at 30-31.)

Finally, in Ground VI, Petitioner asserts a violation of his right to due process, a fair trial, and the right to a unanimous jury verdict under the Fifth, Sixth and Fourteenth Amendments because a violation of Penal Code § 288 (c)(2) requires that the victim "must be under the age of 14 years and the [defendant] must be the child's caretaker" but, Petitioner argues, facts in support of these elements "were never submitted to the jury or found true by the jury beyond a reasonable doubt."  (Petition at 32.)

## TIMELINESS OF GROUNDS IV AND VI

The circuit court did not express any opinion on the merits of Petitioner's claims in Grounds IV, V, and VI or their compliance with the procedural requirements of 28 U.S.C. § 2244(d) and 2254, and the Court must dismiss any claim in a second or successive petition that is not timely.  *See* 28 U.S.C. § 2244(b)(4) (district court "shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").  Similarly, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Based on the Petition's allegations as well as the Court's review of the 2008 federal habeas proceedings, it appears that Grounds IV and VI are untimely and must be dismissed with prejudice pursuant to Habeas Rule 4 and Section 2244(b)(4).

I.     **The Statute of Limitations**

The Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences. 28 U.S.C. § 2244(d)(1). For pre-AEDPA convictions, the one year statute of limitations begins to run from the April 1996 implementation of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). In the present case, Petitioner was required to file his federal habeas petition within one year from the latest of:

> (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
> (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
> (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, the latest relevant date for the commencement date for the statute of limitations under 28 U.S.C. § 2244(d)(1) is April 3, 2007, *i.e.*, ninety days after the California Supreme Court denied relief on direct review. Absent an alternative commencement date under 28 U.S.C. § 2244(d)(1), the statute of limitations commenced running on April 4, 2007 and, absent tolling, it expired one year later on April 3, 2008 – more than eight years before Petitioner filed the Petition on May 19, 2016. *See Patterson*, 251 F.3d at 1246.

II.    **Petitioner Did Not Present Grounds IV and VI in a State Habeas Petition Before the Statute of Limitations Expired.**

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003). However, Petitioner does not allege that he filed any state

habeas petitions challenging the conviction and/or sentence on Grounds IV or VI prior to the expiration of the statute of limitations in April 2008 – nor prior to September 2015.  (Dkt. No. 2; *see also* Attachments 7-9 to the Application .)

When a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  Thus, because Petitioner's Grounds IV and V1 challenge a conviction and sentence that became final in 2007, and Petitioner waited more than seven years after the statute of limitations expired to file a habeas petition in any forum raising these issues, it does not appear that Petitioner is entitled to statutory tolling on these claims.

### III.     Petitioner Does Not Allege That Any Extraordinary Circumstance Prevented Him From Timely Seeking Relief on Grounds IV and VI.

The one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances.  *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).  However, application of the equitable tolling doctrine is the exception rather than the norm.  *See, e.g., Waldron-Ramsey*, 556 F.3d at 1011 (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").  A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 645.

Here, Petitioner has neither alleged that an extraordinary circumstance prevented him from timely presenting Grounds IV and IV for federal habeas review, nor that he pursued his rights diligently with respect to these claims in the face of that obstacle.  Accordingly, it does not appear that equitable tolling is available to render Grounds IV and VI of the Petition timely.
\\
\\

### IV.   Conclusion And Order To Show Cause

In sum, it appears that Petitioner has filed Grounds IV and VI approximately eight years after the AEDPA statute of limitations expired and he: (1) has not argued, let alone demonstrated, that he is entitled to an alternative commencement date for either claim; (2) is not entitled to statutory or gap tolling for state habeas petitions that he filed after the federal statute of limitations lapsed; and (3) has not alleged any extraordinary circumstances that prevented him from timely filing this action.  Accordingly, **Petitioner is ORDERED TO SHOW CAUSE on or before May 25, 2017 why Grounds IV and VI of the Petition should not be dismissed with prejudice as untimely.**

To discharge this Order, Petitioner must file, no later than May 25, 2017, a Response to this Order, signed under penalty of perjury, that articulates clear and specific factual allegations demonstrating that either Grounds IV and VI are timely under 28 U.S.C. § 2244(d)(1) or that Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of his habeas claims in Grounds IV and VI.

If Petitioner no longer wishes to pursue Grounds IV and VI of the Petition, he may file, in lieu of a Response to this Order, a signed document entitled "Notice of Voluntary Dismissal" in which he dismisses the Petition pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Petitioner's failure to timely comply with this Order and show cause for proceeding with this action will result in the Court recommending dismissal with prejudice of Grounds IV and VI pursuant to Rule 4 of the Habeas Rules and/or Local Rule 41-1 and Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | rhw |